Alejandro Torres Patrón, Plaintiff and Appellee, v. Miguel Méndez, Defendant and Appellant.

No. 5648.    Argued February 4, 1932.—Decided November 10, 1932.

Leopoldo Tormes and L. López de Victoria for appellant.    Luis B. Blasco for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Defendant appeals from an adverse judgment in an action brought against him as an uninsured employer for personal injuries received by an employee.

He submits that the district court erred in overruling a demurrer to the complaint; in holding that the Workmen's Accident Compensation Act approved May 14, 1928, went into effect on August 12 of that year; and in not disposing of the case in accordance with the provisions of the previous act of 1918 as amended in 1921 and in 1925. The demurrer was for want of facts sufficient to constitute a cause of action in that the complaint did not contain certain averments required by the Act of 1918.

Sections 388 and 389 of the Political Code read as follows:

"Sec. 388. The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

"Sec. 389. Whenever any act is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed."

The accident occurred on Sunday, August 12, 1928. The Workmen's Accident Compensation Act took effect ninety days after its approval on May 14. It was in effect on the day of the accident unless that day is to be excluded as a legal holiday in computing the time. The ninety days in question was not "the time in which any act provided by law" was "to be done." No act was appointed by law to be performed on August 12. We can not agree with appellant that the law went into effect on Monday, August 13, simply because Sunday, August 12, was a holiday.

Other assignments are that the judgment is contrary to the law and the facts; and that the district court erred in awarding costs, including attorney's fees to plaintiff. They are equally without merit.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.